OPINION of the Court, by
Judge Logan
This cause was decided at the fall term 1809, and a rehearing granted at the succeeding term, upon a motion for that purpose of the preceding term.
In the decision of the cause the two questions occur —1st, Whether in a contract for the payment oí property, without the appointment of place, the residence or *281 the obligor is to be the place of performance ? 2d, Whether an averment in the declaration of a demand having been made at the obligor’s residence is essential, where the contract is to be performed upon request t
Where no place is named* and the property is to be de* livered on request, a jpectaí request at the obligor’s resL dence must ⅛⅞ averred^
1. With respect to the place of performance, the doctrine, as recognised in the opinion'delivered in this case, is supported by the authorities there cited as the common law of England.
It will be proper to lteep in mind that the place of performance, where the contract is silent in that respect, is a mere rule of construction to supply that omission : and that, therefore, ¡h¡s rule should be predicated on the supposed understanding of the parties when forming thtir contract. With this end in view the opinion in the present case seems to have been delivered, in which it is said that u where neither time nor place are expressly limited for performance, the law judges of both by the subject matter and manner of the performance stipulated,” and “there is a diversity'which must be determined according to the nature and subject matter of the contract or agreement.”
In England a' contract for the delivery of cumbrous property, as twenty quarters of wheat, twenty loads of wood, or the like, before the day limited the obligor' most wait on the obligee and know of him where he will receive the property, and at the place appointed by the obligee the obligor must accordingly tender the property on the day expressed. So where no time or place is appointed for the performance of the contract, and it consists in the delivery of things of great weight, there the obligor, upon request, ought to know of the obligee where he will appoint to receive them.
But in the ease of Chambers vs. Winn, decided by this court in 1802, (Pr. Dec. 192) the residence of the obligor in such contracts is made the place oí performance, with exceptions which vary the rule according to the circumstances of the case. The same principle has been recognised by this court in several subsequent decisions ; in one of which, Letcher vs. Taylor, decided as late as the spring term 1807, (Hard. 79) the court say in their opinion, “ the principle established in the case of Chambers vs. Winn, is thought strictly applicable to this case ; and independent of the influence of that case as a precedent established, the decision, itself *282 appears to be founded on good reason, consonant t© justice, and intrinsically correct.”
Under this view of the subject we are left to decide. Keeping in mi'’cl the position, where no place of performance is appointed by the parties, that “the lota judges of the ¡-lace according to the nature and subject .matter of the thing to be performed.” In other words, the law supposes the implied understanding of the patties, and it is-its province to advance their will in a fair and honest contract.
But such a construction of the contract as would evidently subvert its essential meaning, and place it in the power of one of the parties, contrary to the just expectation of the other, to change the contract in a material part, to make it in effect a money, instead of a property debt, cannot comport with that -spirit of the law which has an eye to the meaning and understanding of the parties.
Yet it is confidently believed that if the obligee may appoint the place of payment, he can almost in every case force the obligor to pay money instead of property. As, for example, a contract for wheat, corn, whiskey, &c. which has been entered into in Franklin county, without naming the place of delivery, the obligee appoints the most distant and inconvenient place in the country for its payment, sav in Livingston county ; and can it be difficult to determine that the parties in forming the contract never honestly willed and intended it; nor, to put it in the power of one ta have it so* whose interest it might reasonably be expected was to prefer it, because he could thereby convert a cum* brous property into money — a property into a money debt ?
A rule of construction resorted to merely to supply the most probable understanding of the parties, but which so completely places it in the power of the creditor to impose a request on the debtor for property so unreasonable, troublesome and expensive, as to make it in any case his interest to pay the debt in money, is incorrect and unjust in the same proportion as the one payment would differ from the other. It is an unquestionable fact that contracts for the payment of property have generally induced higher prices and commanded more immediate sales than they would have done in *283 %t>(cie ; that Ae consideration of paying in property has induced contracts which otherwise would not have been made, But why a property contract at all, if the obligee may impose terms which are equivalent to an election to have money ?
Contracts for the payment of property, in which the appointment of a place of delivery is omitted, it is believed are generally under an implied understanding that the residence of one or the other of the parties, or sorae convenient place of trade in Ae neighborhood of the contract or of their residence, shall be the place of delivery, But under the faith of the decisions of this court Sion» 1S02, we ought to presume contracts to have been wade confiding in the certainty and stability of the same pnr-riHe, approved in Í 807, as founded on “ good, teasor», toBSontrai to justice, and intrinsically correct/*1 and that a decision totally changing that principle will do. manifest injustice to those who may have reposed their rights and interests opon Ae decisions of this court». "Wc cannot therefore approve of the opinion before delivered m this cause: we cannot, over these decisions, adopt a rule of construe lion produced, by necessity, from toe innocent neglect of the parties, which in effect would no doubt sacrifice the very end it was. intended to advance and support.
It netsl ov.ly be farther observed, that Ae particular ease under consideration was,to pay §200 ⅜ a negro, upon request ; and that such property ought to be con-sideicd as vrithm the reason of Ae principle above mentioned..
Upon the «econd point, whether a demand at the o-fciigoA residence ranst be averred in the declaration i
From Use decisions of this court in the cases mentioned, and the imponunre of preserving uniformity and consistency ot decision m this court, we are also of opinion that suA averment avast he made, nr the averment, «Í ci-canmatites which may justify a departure therefrom.
From tics opinion, the Chief Justice dissents..
⅛ is considered by Ae court that &e former opinion of Ais court-, delivered herein he reversed and ■tar. aside 5 that the judgment of the circuit court be also reversed in overraliag the demurrer of the de» le-vh at to the plaintiff’s declaratio®, apd that the cause *284 be remanded to the said circuit court, who are hereby; directed to enter judgment in favor of the defendant in the court below, unless the plaintiff shall move for leave, to amend his declaration.